UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FREDERICK DEWAYNE GROSS ]<br>    Petitioner, ]<br>]<br>v. ]<br>]<br>UNITED STATES OF AMERICA ]<br>    Respondent. ] | No. 3:12-1274<br>Judge Trauger |

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Federal Correctional Institution in Memphis. He brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentences.

**I. Background**

On September 9, 2009, a jury found the petitioner guilty of (1) being a convicted felon in possession of a firearm and (2) being an unlawful user of a controlled substance in possession of a firearm. United States v. Frederick Gross, Criminal No.3:09-00071 (M.D. Tenn.); Docket Entry No.58. For these crimes, he received concurrent sentences of one hundred eighty (180) months in prison, to be followed by five years of supervised release. *Id.* at Docket Entry No.64.

On direct appeal, the Sixth Circuit Court of Appeals affirmed

1

the convictions. *Id.* at Docket Entry No.73. The United States Supreme Court would later deny the petitioner's application for writ of certiorari. *Id.* at Docket Entry No.76.

## II. Procedural History

In December, 2012, the petitioner initiated the instant action with the *pro se* filing of a § 2255 motion (Docket Entry No.1) attacking the convictions. In the motion, the petitioner sets forth three alleged instances of ineffective assistance of counsel.[1] These claims for relief include:

> 1) counsel was ineffective for failing to challenge the indictment as containing multiplicitous charges;
>
> 2) counsel was ineffective for failing to attack the convictions as violative of the Double Jeopardy Clause; and
>
> 3) counsel was ineffective for failing to challenge the use of a non-residential burglary conviction as a predicate felony for enhancement of the sentences under the Armed Career Criminal Act.

Upon its receipt, the Court promptly examined the motion and determined that it was not facially frivolous. Accordingly, by an order (Docket Entry No.2) entered December 13, 2012, the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the motion. Rule 4(b), Rules --- § 2255 Cases.

---

[1] At trial, the petitioner was represented by Charles Buckholts, a member of the Davidson County Bar.

2

But before the respondent could submit an answer, the petitioner filed an amendment to his motion, alleging a fourth ineffective assistance claim for relief. That claim alleges that (4) counsel had been ineffective for failing to challenge the use of an aggravated assault conviction as a predicate felony for armed career criminal status. Docket Entry No.10.

Presently pending before the Court are the petitioner's § 2255 motion as amended, the respondent's Answer (Docket Entry No.17) to the amended motion, petitioner's Reply (Docket Entry No.22), respondent's initial Supplement (Docket Entry No.24) to its Answer, petitioner's Motion in Reply (Docket Entry No.28) to the respondent's Supplement, and the respondent's second Supplement to its Answer (Docket Entry No.32).

Having carefully considered the pleadings and the record as expanded, it does not appear that there are any material factual disputes that would necessitate an evidentiary hearing in this matter. Consequently, the Court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules --- § 2255 Cases.

### III. Analysis of the Claims

The petitioner alleges four instances in which his attorney denied him the effective assistance of counsel.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of

3

this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

At the time he possessed a firearm, the petitioner was both a convicted felon and a drug user. As a consequence, he was found guilty of being both a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and of being an unlawful user of a controlled substance in possession of a firearm. 18 U.S.C. § 922(g)(3). The Armed Career Criminal Act, codified as 18 U.S.C. § 924, mandates a fifteen year minimum sentence for a defendant convicted under 18 U.S.C. § 922(g), when the defendant has three or more prior convictions for a "violent felony" or "serious drug offense". 18 U.S.C. § 924(e)(1).

According to his Pre-Sentence Investigation Report, the petitioner has an extensive criminal history. Gross, *supra* at Docket Entry No.67. This history includes felony convictions for

4

aggravated assault (2 convictions) and burglary. *Id.* at pgs.6-7. The Pre-Sentence Investigation Report recommended that these particular convictions constituted the violent felonies needed to qualify the petitioner as an armed career criminal. *Id.* at pgs.9-10. At petitioner's sentencing hearing, the Court adopted the Pre-Sentence Investigation Report in all regards without objection. Docket Entry No.65 at pg.1. As a consequence, the petitioner was sentenced as an armed career criminal to the mandatory minimum penalty of one hundred eighty (180) months in prison. *Id.* at pg.6.[2]

**A.) Enhancement as an Armed Career Criminal**

The petitioner disputes the Court's finding of prior violent felonies sufficient to trigger an enhancement of sentence as an armed career criminal. More specifically, he claims that, under Tennessee law, the aggravated assault convictions and the non-residential burglary conviction do not qualify as prior violent felonies (Claim Nos.3-4).[3]

The Supreme Court has held that an offense constitutes "burglary" for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to

---

[2] At his sentencing hearing, the petitioner acknowledged that he was facing a sentencing range of 235 - 293 months. Docket Entry No.65 at pg.1.

[3] The petitioner did not challenge his sentences on appeal. *See* Docket Entry No.73. Therefore, he has waived any direct attack on them at this time, forcing him to question his sentences by way of a collateral proceeding challenging the effectiveness of counsel.

5

generic burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant. Taylor v. United States, 495 U.S. 575,602 (1990). Regardless of a crime's exact definition or label, the basic elements of a generic burglary are the unlawful or unprivileged entry into, or remaining in, a building or structure, with the intent to commit a crime. *Id*. at pg.599.

Applying the definition of burglary as provided in Taylor, a panel of the Sixth Circuit has recently held that the burglary of a non-residential building in Tennessee does qualify as a prior violent felony. United States v. Brown, 2013 WL 675333, at pg.3 (6th Cir. 2/26/13 (Tenn.)). Moreover, the Armed Career Criminal Act specifically identifies burglary as a violent felony that triggers armed career criminal status. 18 U.S.C. § 924(e)(2)(B)(ii). The petitioner has offered no factual allegations suggesting that his 2005 conviction for a non-residential burglary should be viewed otherwise. Therefore, it does not appear that counsel provided defective representation when he neglected to challenge the use of petitioner's burglary conviction as a predicate offense for armed career criminal status.

In May, 2011, a panel of the Sixth Circuit determined that a conviction in Tennessee for aggravated assault constitutes a violent felony for purposes of sentence enhancement under the Armed

Career Criminal Act. United States v. Benton, 639 F.3d 723, 730 (6th Cir.), *cert. denied* 132 S.Ct. 599 (2011). In a subsequent opinion by a different panel, though, it was held that the finding in Benton was non-binding dicta. United States v. McMurray, 653 F.3d 367,375-376 (6th Cir.2011). The McMurray opinion instructs this Court to review the nature of petitioner's aggravated assault convictions to determine whether each involved purposeful, violent and aggressive conduct rather than mere recklessness. *Id.*

The petitioner's 1991 conviction for aggravated assault arose when he threatened a grocery clerk with a knife after stealing some cigarettes. Docket Entry No.32-1 at pg.8. His conviction for aggravated assault in 1996 involved threatening a female victim with two knives. Gross, *supra* at Docket Entry No.67, pg.22. These convictions were the result of purposeful, violent and aggressive behavior rather than mere recklessness.

The petitioner has presented no factual allegations regarding the two aggravated assault convictions that were used to enhance his sentence that would suggest their use as predicate offenses to be in error. Consequently, petitioner's attorney was not deficient for failing to challenge the use of the aggravated assault convictions to trigger armed career criminal status. In the absence of deficient conduct, the petitioner was not denied the effective assistance of counsel in this regard. Strickland, *supra.* Hence, petitioner's third and fourth claims have no merit.

## 2.) Multiplicitous Charges

The petitioner believes that he was wrongly convicted of two offenses based upon a single incident of firearm possession. He claims that counsel was ineffective for failing to attack the indictment (Claim No.1) and the convictions as violative of the Double Jeopardy Clause (Claim No.2).

The government has broad discretion to conduct criminal prosecutions, including the power to select the charges to be brought in a particular case. United States v. Goodwin, 457 U.S. 368,382 (1982). Thus, there was no bar to the government's proceeding against the petitioner simultaneously under both §§ 922(g)(1) and 922(g)(3). *See* Ball v. United States, 470 U.S. 856,860 (1985). The indictment, therefore, was not defective.

Because the indictment was not defective, petitioner's attorney did not err by failing to challenge the indictment prior to trial. In the absence of an error, petitioner's counsel was not ineffective in that regard. Strickland, *supra.* Consequently, petitioner's first claim also has no merit.

Finally, the petitioner believes that his attorney was deficient for failing to challenge his convictions as violative of the Double Jeopardy Clause.

Multiplicity is the act of charging a single offense in more than one count of an indictment. United States v. Swafford, 512 F.3d 833,844 (6th Cir.2008). Because multiplicity may result in a

defendant being punished twice for the same crime, it carries with it double jeopardy implications.

In light of the prohibition against double jeopardy, "§ 922(g) cannot support multiple convictions based on a single firearm possession because the allowable unit of prosecution is the incident of possession, not the defendant's membership in a class (or classes) of persons disqualified from possession". United States v. Parker, 508 F.3d 434,440 (7th Cir.2007); *see also* United States v. Tann, 577 F.3d 533,537 (3d Cir.2009); United States v. Olmeda, 461 F.3d 271,280 (2d Cir.2006); United States v. Richardson, 439 F.3d 421,422 (8th Cir.2006).[4] The petitioner's two convictions were based upon a single incident of firearm possession and the petitioner's membership in two classes of disqualified persons. *See* Gross, *supra,* Docket Entry No.67 at pg.8. Counsel should have objected to the convictions on this basis and his failure to do so was plain error. Parker, *supra* at pgs.440-441.

In his Answer, the respondent concedes that the weight of authority from other circuits is that multiple convictions under § 922(g) based upon a single incident of firearm possession is impermissible. Docket Entry No.17 at pg.7. Nevertheless, he argues that the petitioner's ineffective assistance claim must fail

---

[4] "If Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses". Bell v. United States, 349 U.S. 81,84 (1955).

9

because the petitioner is unable to show prejudice arising from counsel's error. More specifically, the respondent states that the "Petitioner has not suffered any prejudice because his two counts of conviction ran concurrently". *Id.*

At first blush, this argument would appear to have merit. However, the Supreme Court, in an almost identical situation, has held that a separate conviction, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. Ball, *supra* at pg.865.[5] The potentially adverse collateral consequences arising from an illegal conviction and sentence have Sixth Amendment significance and are sufficient to establish that the petitioner was prejudiced by counsel's failure to attack the convictions on double jeopardy grounds. Accordingly, the Court finds that the petitioner was denied the effective assistance of counsel in this particular instance.

**3.) Remedy**

Having found that the petitioner was denied the effective assistance of counsel, the petitioner's § 2255 motion will be granted so as to remedy the double jeopardy violation that was allowed to occur through counsel's defective representation.

In this type of situation, the only remedy consistent with

---

[5] In Ball, the Supreme Court held that a convicted felon could not suffer two convictions or sentences for receiving and possessing the same firearm where a single act established both receipt and possession.

congressional intent is for the District Court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying multiplicitous convictions. Ball, *supra* at pg.864. Toward that end, the parties shall be given an opportunity to brief the Court as to which of the petitioner's two convictions and sentences should be set aside.

An appropriate order will be entered

_____
Aleta A. Trauger
United States District Judge