UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **FREDERICK DEWAYNE GROSS** ] | |
| Petitioner, ] | |
| ] | |
| v. ] | No. 3:12-1274 |
| ] | Judge Trauger |
| **UNITED STATES OF AMERICA** ] | |
| Respondent. ] | |

### O R D E R

On May 24, 2013, an order (Docket Entry No.34) was entered granting the petitioner's *pro se* motion for § 2255 relief. In order to determine the exact nature of that relief, the parties were invited to identify which of petitioner's two convictions should be vacated by the Court in order to remedy an ineffective assistance/double jeopardy violation.

Presently pending is the government's response (Docket Entry No.39) in which it suggests that the Court vacate the petitioner's conviction for being a drug user in possession of a firearm (Count 1 of the Indictment).

The petitioner has not identified which of his two convictions should be vacated by the Court. Instead, he has filed a "Motion in Reply and Reconsideration of All Claims" (Docket Entry No.40).[1]

---

[1] The petitioner has also filed Docket Entry No.41, which is simply an excerpt from the Motion in Reply.

In the Motion in Reply, the petitioner argues that both convictions were tainted by the double jeopardy violation and, as a consequence, both convictions should be vacated by the Court. Docket Entry No.40 at pg.2. He further asks the Court to reconsider its disposition of his remaining claims in light of the recent decision in Alleyne v. United States, 133 S.Ct. 2151 (2013). *Id.* at pg.8.

In the case of multiplicitous convictions, the Supreme Court has already determined that the taint of a double jeopardy violation will be remedied by vacatur of an offending conviction. Ball v. United States, 470 U.S. 856,864 (1985). It is not necessary, therefore, for the Court to vacate both of the petitioner's convictions in order to remedy the double jeopardy violation that occurred in this case.

In Alleyne, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime, rather than a "sentencing factor", that must be submitted to a jury. In his petition, the petitioner raised four ineffective assistance of counsel claims. He did not allege claims directly challenging his sentences. The petitioner was tried and convicted in 2009, four years before the Alleyne decision. Therefore, counsel could not possibly be deficient for failing to raise a claim based upon the holding in Alleyne.

The Court has carefully considered the petitioner's "Motion in Reply and Reconsideration of All Claims" and finds no merit in the

Motion. Accordingly, petitioner's Motion is DENIED.

In order to remedy the double jeopardy violation that has occurred in this case, the petitioner's conviction for being a drug user in possession of a firearm (Count 1 of the Indictment) is hereby VACATED.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge